UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GUADALUPE A. GARCIA,

    Plaintiff,

vs.

                                  Case No. 8:12-cv-00728-EAK-EAJ

AMERICAN SECURITY INSURANCE
COMPANY,

    Defendant.

## ORDER ON DEFENDANT'S MOTION TO DISMISS

This cause is before the Court on Defendant's, American Security Insurance Company ("American Security"), motion to dismiss (Doc. 7) and Plaintiff's, Guadalupe A. Garcia ("Garcia"), response to Defendant's motion to dismiss (Doc. 8). For the reasons set forth below, Defendant's motion to dismiss is DENIED.

**I. Background**

On or about March 1, 2010, Garcia alleges that she suffered a loss to her residential property located at 9507 Somerset Island Ct., Tampa, Florida 33615 ("the Property") due to sinkhole activity, and that loss is covered under insurance policy number 09HOC1158022281 issued by American Security. (Doc. 2). American Security assigned to Garcia insurance claim number 00200399130 and ultimately denied Garcia's claim after finding no sinkhole activity at the Property. (Doc. 8). Garcia retained counsel on April 23, 2010, to assist her with the insurance claim. (Doc. 8).

On November 14, 2011, Garcia filed a petition under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Florida.

(Doc. 7, 8). Garcia failed to inform her counsel of her intent to file for bankruptcy (Doc. 8), and she did not disclose her claim against American Security on her Chapter 7 bankruptcy schedules. (Doc. 7). On February 29, 2012, Garcia's counsel filed the instant action against American Security ("Complaint"). (Doc. 8).

On March 13, 2012, Garcia filed a petition under Chapter 13 of the United States Bankruptcy Code, and failed to disclose the lawsuit against American Security on her bankruptcy schedules. (Doc. 7). On April 12, 2012, the Bankruptcy Court granted a motion to vacate the Chapter 7 petition and granted an *ore tenus* motion to convert the Chapter 7 Bankruptcy into a Chapter 13 case. (Doc. 7, 8). On April 19, 2012, American Security filed the instant motion to dismiss Garcia's Complaint because Garcia lacked standing to sue when she filed the Complaint. (Doc. 7). On April 20, 2012, the Bankruptcy Court granted Garcia's petition to dismiss the Chapter 13 Bankruptcy case. (Doc. 8).

**II. Standard of Review**

On a motion to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P., this Court must accept all of the alleged facts as true and resolve them in a light most favorable to the non-moving party. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Omar ex rel. Cannon v. Lindsey*, 334 F.3d 1246, 1247 (11th Cir. 2003). A motion to dismiss should be granted "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. Alabama*, 30 F.3d 117, 120 (11th Cir.1994). The complaint may not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir.1998).

### III. Discussion

American Security argues that Garcia's Complaint should be dismissed because Garcia lacked standing to bring the lawsuit at the time she filed the Complaint. Garcia maintains that the issue in the instant case surrounds the proper party in interest under Federal Rule of Civil Procedure 17(a) rather than Article III standing. Garcia argues that because she would have been granted a reasonable time to cure the defect in the Complaint by substituting the bankruptcy trustee as the real party in interest had the bankruptcy case not been converted to a Chapter 13 case and later dismissed, the instant action should not be dismissed. Moreover, Garcia is now the real party in interest in the lawsuit, as all of her assets, including the Property, have been relinquished to her.

A plaintiff asserts Article III standing to sue by alleging: (1) "she has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to conduct of the defendant; and (3) it is likely, not just merely speculative, that the injury will be redressed by a favorable decision." *Barger v. City of Cartersville*, 348 F.3d 1289, 1292 (11th Cir. 2003). There is a distinction between questions of Article III standing and Federal Rule of Civil Procedure 17(a) real party in interest status. *Live Entm't, Inc. v. Digex, Inc.*, 300 F. Supp. 2d 1273, 1277-78 (S.D. Fla. 2003). A real party in interest is the party in whose name a federal civil action shall be prosecuted, Fed. R. Civ. P. 17(a), and who by substantive law has the right sought to be enforced and who possesses a significant interest in the action to entitle him to be heard on the merits. *Gonzalez ex. rel. Gonzalez v. Reno*, 86 F.Supp.2d 1167, 1182 (S.D. Fla. 2000) (citations omitted). Rule 17(a) provides that a "court may not dismiss an action for failure to prosecute in the name of the real

party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." *Fed. R. Civ. P. 17(a)*.

A trustee, as the representative of a bankruptcy estate, is a real party in interest and the only party with standing to pursue causes of action belonging to the estate. *Parker v. Wendy's Int'l*, 365 F.3d 1268, 1272 (11th Cir. 2004). Therefore, once Garcia filed her Chapter 7 petition, the real party in interest to assert the insurance claim for the Property became the trustee of the estate. However, because the Federal Rules of Civil Procedure give the plaintiff a reasonable time to substitute another as the real party in interest in order to cure the defect, *see Barger*, 348 F.3d at 1292-93 (applying Rules 17(a) and 25(c)), dismissal of the lawsuit is inappropriate. Garcia is now the real party in interest in the lawsuit, as the Chapter 7 Bankruptcy was converted to a Chapter 13 case and dismissed shortly thereafter.

This Court agrees with Garcia's argument that the issue turns on the identity of the real party in interest. Garcia concedes she was not the real party in interest at the time the Complaint was filed. Because Rule 17(a) allows a party to correct the identity of the real party in interest after a reasonable time, Garcia's current status as the proper party to bring the cause of action and current standing in the case allows for this action to proceed as it is. Accordingly, it is

**ORDERED** that Defendant's motion to dismiss (Doc. 7) be **DENIED**.

**DONE AND ORDERED** in Chambers at Tampa, Florida, this 3RD day of July, 2012.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.